**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SECURITY SERVICE FEDERAL CREDIT UNION,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation,<br><br>            Defendant - Appellee,<br><br>   and<br><br>RINDLESBACH FAMILY, LLC, a Utah Limited Liability Company,<br><br>            Defendant. | No. 12-55389<br><br>D.C. No. 2:10-cv-04824-SJO-VBK<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted October 7, 2014
Pasadena, California

---

     * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:  HAWKINS and GRABER, Circuit Judges, and SEDWICK,** District Judge.

California's Subdivided Lands Act requires sellers of land subdivided into five or more lots to obtain a final public report ("FPR") from the California Department of Real Estate ("DRE") before selling any of the subdivided lots.  Cal. Bus. & Prof. Code §§ 11000, 11010, 11018.2.  Rindlesbach Family, LLC, owned unimproved real property in Riverside, California, which was subject to the FPR requirement because it consisted of thirteen subdivided lots.  Gilger Homes, LLC, optioned the property from Rindlesbach and pursued an FPR using First American Title Insurance Company as its "single responsible party" for communications with DRE.  In that role, First American submitted Gilger's application to DRE. However, Gilger abandoned the project, and Rindlesbach sold twelve of the lots to individual buyers despite the fact that no FPR had been issued.

New Horizons Community Credit Union financed the purchase of each of the twelve lots.  For each loan, New Horizons purchased an American Land Title Association ("ALTA") lender's title insurance policy from First American.  These policies insured New Horizons and any succeeding owner of the indebtedness. The polices covered, among other things, losses related to unmarketability of title.

---

** The Honorable John W. Sedwick, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

After New Horizons was placed in liquidation, Security Service Federal Credit Union acquired its assets, including the twelve subdivision loans and related ALTA policies. All of the loans were in default at the time. Security Service thereafter obtained title to the twelve lots through foreclosure.

Security Service submitted a claim to First American under each ALTA policy, alleging that the lack of an FPR rendered title unmarketable. First American denied coverage. Security Service then filed suit. Its second amended complaint alleged seven causes of action. The district court granted First American summary judgment on all claims. Security Service appealed. We review *de novo*. *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

The title insurance policies insure against losses due to unmarketability of title. "Marketable title" means "'title which a reasonable purchaser, well informed as to the facts and their legal bearings, willing and anxious to perform his contract, would, in the exercise of that prudence which business men ordinarily bring to bear on such transactions, be willing and ought to accept.'" *Mellinger v. Ticor Title Ins. Co. of Cal.*, 113 Cal. Rptr. 2d 357, 360 (Cal. Ct. App. 2001) (quoting *Hocking v. Title Ins. & Trust Co.*, 234 P.2d 625, 628 (Cal. 1951)). To determine whether a property's title is marketable, "the question is whether a reasonable purchaser,

knowing that a third party might claim an interest in the property, would nevertheless proceed with the transaction." *Id*. at 361.

Security Service concedes that it holds unchallenged title to the lots, but maintains that title to each of the lots is not "saleable" without an FPR, and therefore is unmarketable. The lack of an FPR and the need to comply with the SLA before selling the lots individually are matters affecting the marketability of the <u>property</u>, not the marketability of the <u>title</u>. *See Hocking*, 234 P.2d at 629; *Nishiyama v. Safeco Title Ins. Co.*, 149 Cal. Rptr. 355, 358–59 (Cal. App. Dep't Super. Ct. 1978); *Dollinger DeAnza Assocs. v. Chi. Title Ins. Co.*, 131 Cal. Rptr. 3d 596, 598 (Cal. Ct. App. 2011). The district court correctly awarded summary judgment to First American on the contract claims.

It is evident to us, and Security Service conceded at oral argument, that Security Service's tort claims depend on the existence of unmarketable title. Title being marketable, the district court's award of summary judgment on those claims was also correct.

AFFIRMED.